**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**REGINALD REDDICK,**

      **Petitioner,**

**v.**                             **Case No. 4:13cv311-RH/CAS**

**JULIE L. JONES, Secretary,
Department of Corrections,[1]**

      **Respondent.**

_____/

## <u>REPORT AND RECOMMENDATION TO DENY § 2254 PETITION</u>

On May 22, 2013, Petitioner Reginald Reddick, proceeding pro se,

filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

ECF No. 1.   After direction by this Court, Petitioner filed an amended

§ 2254 petition on June 27, 2013.   ECF No. 5.   On December 23, 2013,

Respondent filed a motion to dismiss the petition as untimely, with exhibits.

ECF No. 14.   In a report and recommendation entered April 15, 2014, the

undersigned recommended granting the motion to dismiss.   ECF No. 15.

_____

[1]The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida
Department of Corrections, for Michael D. Crews.   Julie Jones became Secretary on
January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil
Procedure 25(d).

In an order entered September 8, 2014, the United States District Judge denied the motion to dismiss and remanded the case to the undersigned magistrate judge for further proceedings.   ECF No. 20.   Thereafter, Respondent filed an answer on January 12, 2015, with exhibits.   ECF No. 30.   Petitioner has filed a reply.   ECF No. 36.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

By information filed June 19, 2006, in case number 06CF02189, Second Judicial Circuit, Leon County, the State of Florida charged Petitioner Reginald Reddick, with three counts in connection with events that occurred June 1, 2006:   (1) trafficking in cocaine, a first degree felony,

in violation of section 893.135, Florida Statutes; (2) possession of a firearm by a convicted felon, a second degree felony, in violation of section 790.23(1)(a), Florida Statutes; and (3) possession of paraphernalia, a first degree misdemeanor, in violation of section 893.147(1), Florida Statutes. ECF No. 14 Ex. B.[1]   Reddick proceeded to a jury trial on Counts 1 and 3 on November 14, 2006, and the jury found him guilty as charged on both counts.   Ex. C.   In a judgment and sentence rendered November 21, 2006, the state trial court adjudicated him guilty and sentenced him, on the first count, to fifteen (15) years in prison, with a three-year minimum mandatory sentence, followed by five years of probation, and, on the second count, to 173 days, time served.   Ex. D.

Reddick appealed his conviction and sentence to the First District Court of Appeal (DCA), assigned case number 1D06-6709.   Ex. E.   On May 22, 2008, the First DCA per curiam affirmed the case without a written opinion.   *Id.*; Reddick v. State, 982 So. 2d 691 (Fla. 1st DCA 2008) (table). The mandate issued on June 9, 2008.   Ex. E.

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's Motion to Dismiss, ECF No. 14 (Exs. A-HH), and Respondent's Answer, ECF No. 30 (Exs. II-MM).

On August 11, 2009, through counsel, Reddick filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court and raised four grounds:   (1) ineffective assistance of counsel (IAC) – trial counsel failed to make an adequate motion for judgment of acquittal; (2) IAC – trial counsel failed to depose and have testify at trial co-defendant Darryn L. Johnson; (3) the State committed a violation of Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose that Johnson had confessed that the drugs were his and not Reddick's, and alternatively, if counsel was informed, he was ineffective for not using this information in Reddick's defense; and (4) cumulative IAC.   Ex. F.   The state post-conviction court, Judge Mark E. Walker, held an evidentiary hearing on May 11, 2010, during which Johnson and Reddick's trial counsel, Richard Greenberg, testified.   Ex. G.   The hearing continued on July 16, 2010, during which Reddick, through counsel, added a claim alleging newly discovered evidence; the judge denied all the other claims on the record.   Ex. H.   In a detailed order rendered February 16, 2011, the court denied the Rule 3.850 motion.   Ex. I.   Reddick, through counsel, filed a motion for rehearing.   Ex. J.   The trial court held a hearing on the

motion on April 19, 2011, and at the conclusion of the hearing, the judge

denied the motion for rehearing.   Ex. K.   The judge entered a written order

the same day, denying the motion for rehearing.   Ex. L.

Reddick, through new counsel, appealed the denial of post-conviction

relief to the First DCA, assigned case number 1D11-2862, and filed an

initial brief.   Exs. M, N.   The State filed a notice that it would not file an

answer brief.   Ex. O.   On March 7, 2012, the First DCA per curiam

affirmed the case without a written opinion.   Ex. P; Reddick v. State, 81

So. 3d 421 (Fla. 1st DCA 2012) (table).   The mandate issued on March 23,

2012.   Ex. P.

On March 25, 2012, Reddick filed a pro se motion for jail time credit

pursuant to Florida Rule of Criminal Procedure 3.800(a).   Ex. Q.   In an

order dated June 19, 2012, the state trial court dismissed the motion

without prejudice.   Ex. R.   On July 11, 2012, Reddick filed a second

motion for jail time credit.   Ex. V.   The state court denied this motion on

January 23, 2013.   Ex. W.   Reddick appealed to the First DCA, assigned

case number .   Ex. AA.   On April 5, 2013, the First DCA per curiam

affirmed the case without an opinion.   *Id.*; Reddick v. State, 113 So. 3d 4

(Fla. 1st DCA 2013) (table).   Reddick moved for rehearing, which the First

DCA denied by order on May 16, 2013.   Ex. BB.

In the meantime, on April 11, 2012, Reddick filed a pro se Rule 3.850

motion alleging IAC and a violation of his due process rights under <u>Shelton

v. Secretary, Department of Corrections</u>, 802 F. Supp. 2d 1289 (M.D. Fla.

2011).   Ex. S.   In an order rendered June 19, 2012, the state court denied

the Rule 3.850 motion as untimely and successive, and explaining

Reddick's argument based on <u>Shelton</u> has been consistently rejected by

Florida appellate courts.   Ex. T.   Reddick appealed this order, as well as

the June 2012 order denying his motion for jail credit, to the First DCA,

assigned case number 1D12-5926.   Ex. U.   The First DCA per curiam

affirmed the appeal without an opinion on February 15, 2013.   *Id.*; <u>Reddick

v. State</u>, 108 So. 3d 1085 (Fla. 1st DCA 2013) (table).   The mandate

issued March 13, 2013.   Ex. U.

On January 2, 2013, Reddick filed a third Rule 3.850 motion, pro se.

Ex. X.   The state court denied this motion by order rendered January 16,

2013.   Ex. Y.   Reddick filed a motion for rehearing, which the court

denied.   Ex. Z.   Reddick appealed to the First DCA, assigned case

number 1D13-0632.   Ex. AA.   On April 5, 2013, the First DCA per curiam

affirmed the case without a written opinion.   *Id.*; <u>Reddick v. State</u>, 113 So.

3d 4 (Fla. 1st DCA 2013) (table).   The mandate issued June 3, 2013.   Ex.

AA.

As indicated above, Reddick filed his § 2254 petition on May 22,

2013.   ECF No. 1.   He subsequently filed an amended § 2254 petition.

ECF No. 5.   He raises three grounds:

> (1)  IAC – Trial counsel misadvised Reddick during plea
> negotiations.   *Id.* at 5.
>
> (2)   "The State's ruling clearly established federal law, as
> determined by the Supreme Court of the United States."
> *Id.* at 6.   Reddick explains "the supporting facts are
> attached as an addendum" and references the state post-
> conviction court's denial of rehearing regarding his third
> Rule 3.850 motion.   *Id.* at 6-7; *see* Exs. X, Y, Z.
>
> (3)   IAC – Post-conviction counsel failed to raise, in the first
> Rule 3.850 motion, the claim that trial counsel was
> ineffective when he misadvised Reddick during plea
> negotiations.   ECF No. 5 at 8.

Respondent has filed an answer, with exhibits.   ECF No. 30.   Petitioner has

filed a reply.   ECF No. 36.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.   Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).   *See, e.g.,* Cullen v. Pinholster, 131 S.Ct. 1388, 1398

(2011); Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d

1272 (11th Cir. 2011).   "This is a 'difficult to meet' and 'highly deferential

standard for evaluating state-court rulings, which demands that state-court

decisions be given the benefit of the doubt.'"   Cullen, 131 S.Ct. at 1398

(quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v.

Visciotti, 537 U.S. 19, 24 (2002)).   This Court's review "is limited to the

record that was before the state court that adjudicated the claim on the

merits."   <u>Cullen</u>, 131 S.Ct. at 1388.

For claims of ineffective assistance of counsel (IAC), the U.S.

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.   This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.   Second,
> the defendant must show that the deficient performance
> prejudiced the defense.   This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

<u>Strickland</u>, 466 U.S. at 687.   To demonstrate ineffectiveness, a "defendant

must show that counsel's performance fell below an objective standard of

reasonableness."   *Id.* at 688.   To demonstrate prejudice, a defendant

"must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different."   *Id.* at 694.   "A reasonable probability is a probability sufficient

to undermine confidence in the outcome."   *Id.*   For this Court's purposes,

importantly, "[t]he question 'is not whether a federal court believes the state

court's determination' under the <u>Strickland</u> standard 'was incorrect but

whether that determination was unreasonable – a substantially higher

threshold.'"   <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting

Schiro v. Landrigan, 550 U.S. 465, 473 (2007)).   "And, because the

Strickland standard is a general standard, a state court has even more

latitude to reasonably determine that a defendant has not satisfied that

standard."   *Id.*   It is a "doubly deferential judicial review that applies to a

Strickland claim evaluated under the § 2254(d)(1) standard."   *Id.*

### Ground 1:   IAC – Plea Negotiations

In his first ground, Petitioner Reddick argues his trial counsel

provided ineffective assistance by midadvising him during plea negotiations

with the State.   ECF No. 5 at 5.   Reddick indicates he raised this claim in

his third Rule 3.850 motion, which the state post-conviction court denied on

January 16, 2013, and which denial the First DCA affirmed on April 15,

2013.   *Id.* at 5-6.   In that Rule 3.850 motion, which Reddick acknowledged

was untimely, he asserted:

> Prior to trial, the State offered a plea of Eight (8) years to
> resolve the firearm trafficking charge, the possession charge,
> and (at that time) the pending violation of probation cases.
> Defense Counsel, Richard A. Greenberg, Esq., advised
> Reddick that he would be acquitted at trial, and further advised
> Reddick not to accept said plea offer.   Moreover, Defense
> Counsel failed to advise Reddick of the ramifications of
> rejecting said plea offer, or of the consequences of a guilty
> verdict.   Reddick avers that had Defense Counsel not
> misadvised him by misinforming Reddick that he would win at
> trial; he would have accepted the favorable plea offer.

Ex. X at 5.   The case he cited in support of his claim included <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012), <u>Lafler v. Cooper</u>, 132 S.Ct. 1376, and <u>Fiore v. White</u>, 121 S.Ct. 712 (2001).   *See* Ex. X at 5, 10-19.   Reddick further asserted:

> In this case (#2006CF2189B), and Reddick's other case (#2006CF2190), the State offered Reddick a negotiated plea agreement of 8 years incarceration in the Florida Department of Corrections in exchange for his guilty plea (in both cases).
>
> Defense Counsel, Richard A. Greenberg advised Reddick not to accept the State's plea offer, because the State's witness has credibility issues.   Mr. Greenberg said that the State's witness(es) was crucial to the State's case, and without their witnesses having any credibility the State could not win at trial. Moreover, Mr. Greenberg claimed that he would also win at the subsequent V.O.P. hearings.
>
> Additionally, Mr. Greenberg said that he was good at filing pretrial motions, and that he was going to file a motion to suppress, because Reddick was not in the room in the trailer where the cocaine, firearm, scale, and cutting agent were found, and no drugs were found on him personally, and there was no recording of a confidential informant concerning any drug transactions with Reddick.   Hence, Mr. Greenberg explained to Reddick that there was no reason to accept, the State's plea agreement.

*Id.* at 11.   The state post-conviction court denied the motion, finding:

> The judgment and sentence in [this] case . . . were *per curiam* affirmed without opinion by mandate issued June 9, 2008 (DCA Case No. 1D06-6709).   A number of postconviction motions followed, now capped by the instant motion, wherein Defendant argues that *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and

> *Missouri v. Frye*, 132 S. Ct. 1399 (2012) created a new avenue
> by which he can bring a belated claim of ineffective assistance
> of counsel.   This argument is meritless and the claim is time-
> barred.   *See Simmons v. State*, 2012 Fla. App. LEXIS 20810
> (Fla. 1st DCA Dec. 5, 2012).   Wherefore Defendant's motion is
> DENIED.

Ex. Y.   The First DCA affirmed the appeal without a written opinion.   Ex.

AA.   These rulings are is entitled to deference and review is limited to the

record before the state court.   *See* <u>Cullen</u>, 131 S.Ct. at 1388.

Because the state post-conviction trial court denied Reddick's claim

as untimely, the claim is unexhausted, procedurally defaulted, and barred

from federal review unless Reddick shows show cause for and actual

prejudice resulting from the default.   *See* <u>Coleman v. Thompson</u>, 501 U.S.

722, 734-35 (1991); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839-40 (1999);

<u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11th Cir. 1999).   As the U.S.

Supreme Court held in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1315 (2012),

"[i]nadequate assistance of counsel at initial-review collateral proceedings

may establish cause for a prisoner's procedural default of a claim of

ineffective assistance at trial."   In particular, "a procedural default will not

bar a federal habeas court from hearing a substantial claim of ineffective

assistance at trial if, in the [State's] initial-review collateral proceeding,

there was no counsel or counsel in that proceeding was ineffective."   *Id.* at

1320.   Thus, in such instances, the underlying claim of ineffective assistance of trial counsel must have some merit, that is, constitute a "substantial claim."   *Id.*; *see* <u>Sullivan v. Jones</u>, No. 4:12cv250-RV/CAS, 2015 WL 4756190, at *7 (N.D. Fla. Aug. 11, 2015).   Finally, to establish actual prejudice, to permit federal review of a procedurally defaulted claim, a petitioner must show there is at least a reasonable probability that the result of the proceeding would have been different.   *See* <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003).

Here, the record reflect that post-conviction counsel knew there had been a pretrial plea offer.   *Cf.* <u>Sullivan</u>, 2015 WL 4756190 at *10-16.   As Respondent points out, the August 2009 Rule 3.850 motion expressly indicates counsel was aware of the State's plea offer of eight (8) years, which Reddick rejected.   Ex. F at 28.   Indeed, trial counsel testified at the Rule 3.850 evidentiary hearing concerning the plea offer and discussions about possible defenses:

> Q   Okay.   In your meetings with the defendant, did you go over potential defenses, plea offers and other options that he had to resolve these cases?
>
> A   Yes, I did.
>
> Q   Did he want to enter a plea?

A   Well, at one time we had a discussion where the plea offer, I believe, was for eight years and, according to my notes, Mr. Reddick said that he would take no more than five.   I have in my notes on November 9, 2006 that I discussed the – the plea offer that had been made and he told me the bottom line for him was five years or less.

Q   Okay.   As a trial case, did you discuss possible defenses that you had ascertained through your review of the case?

A   Yes, we – we talked about that. And the defense was that there was no evidence to show that he was in actual possession so we were – it was – it was a constructive possession case and that was what we were going on.

Q   Okay.

A   And that he just happened to be at the house at the time that the police arrived.

Q   And did he agree with you as far as that to be the trial strategy that y'all would employ at trial?

A   Yes.

Ex. at 195-96.   In addition to the record reflecting that post-conviction

counsel knew about the pretrial plea offer, the record also contains a

colloquy between the trial judge and Reddick, which took place while the

jury was out deliberating:

THE COURT:   Okay.   And the other thing is, let me go through my little 3.850 thing that I do.

Mr. Reddick, you have had a chance to experience your

attorney right from beginning to end, all the way through final argument.   **Are you satisfied with the services of your attorney?**

THE DEFENDANT:   **Yes, ma'am**.

THE COURT:   Is there any witness or defense you asked him to investigate or call for this trial that he failed or refused to investigate or call for this trial?

THE DEFENDANT:   No, ma'am.

THE COURT:   And let me see.   **Was there a plea offer in this case?**

MR. FUCHS [prosecutor]:   **Yes, ma'am.   It was eight years and then it came down to, I think seven or seven and a half.**

THE COURT:   Okay.   **Was that communicated to you, Mr. Reddick?**

THE DEFENDANT:   **Yes, ma'am.**

THE COURT:   **Did you turn that plea offer down of your own free will?**

THE DEFENDANT:   **Yes, ma'am**.

THE COURT:   And we had a plea conference, wasn't it this case, if I remember right?

MR. FUCHS   Yes, Your Honor.

MR. GREENBERG:   Yes, Your Honor, over the telephone.

THE COURT:   **And I said if he got convicted as charged, because we had the VOP and this, I was thinking in the neighborhood of 10 to 15 years.   Was that communicated**

**to him?**

MR. GREENBERG:   **Yes, Your Honor, I told him**.

THE COURT:   All right.   I just want to make sure you can't write me later and say I didn't know all this and if I had, I would have made a different decision.   So that's the only reason we're discussing it.

Have you ever been declared incompetent?

THE DEFENDANT:   No, ma'am.

THE COURT:   Do you have – have you ever been treated for any mental problems?

THE DEFENDANT:   No, ma'am.

THE COURT:   Are you taking any medications at all?

THE DEFENDANT:   No, ma'am.

THE COURT:   No?   And have you otherwise felt like you have been able to participate, think clearly and participate in this trial?

THE DEFENDANT:   Yes, ma'am.

THE COURT:   Are you impaired in any way?

THE DEFENDANT:   No, ma'am.

THE COURT:   Okay.   **Did your attorney promise you or threaten you about any outcomes of this case or anything? Do you understand the difference between threat or promise versus he may express concerns, he may express that he anticipates, he may express advice, but that's all it is, it's not a threat or a promise?   Do you understand the**

**difference?**

THE DEFENDANT:   **Yes, ma'am**.

THE COURT:   **And did your lawyer threaten or promise you anything about this case?**

THE DEFENDANT:   **No, ma'am.**

THE COURT:   Okay.   And maximum sentences, this was –

MR. FUCHS:   30 years and then another 15.

THE COURT:   Any PRR or habitual offender?

MR. FUCHS:   No, ma'am.   Just the firearm type stuff for the possession of firearm by convicted felon.

THE COURT:   **Did you understand those possible ranges?**

THE DEFENDANT:   **Yes.**

THE COURT:   And that is in addition to the plea conference and all that.   **So did you turn down a plea offer understanding all the potential consequences?**

THE DEFENDANT:   **Yes, ma'am.**

THE COURT:   Okay.   I think that pretty much gets me through my checklist. . . .

Ex. II at 189 (bold emphasis added).

Given this record, Reddick's underlying IAC claim is not substantial.

Further, post-conviction counsel was not ineffective for not raising that IAC

claim, regarding any alleged misadvice by defense counsel during the plea

considerations, as such a claim would directly contradict Reddick's own statements to the trial judge.   *See, e.g.*, <u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1263 (11th Cir. 2014) ("[T]o show that his habeas counsel failed to provide the level of representation required by <u>Strickland</u>, Hittson must show more than the mere fact that they failed to raise potentially meritorious claims; he must show that *no competent counsel*, in the exercise of reasonable professional judgment, would have omitted those claims.").   Accordingly, this ground should be denied.

### <u>Ground 2</u>:   Denial of Rehearing for Rule 3.850 Motion

In his second ground, Petitioner Reddick argues "[t]he State's ruling [violated] clearly established federal law, as determined by the Supreme Court of the United States," and references the state post-conviction court's denial of rehearing regarding his third Rule 3.850 motion.   ECF No. 5 at 6-7; Exs. X, Y, Z.   As indicated above, in the analysis of Ground 1, Reddick acknowledged his third Rule 3.850 motion was untimely filed but argued the state trial court should consider his IAC claim (Ground 1) on the merits based on <u>Frye</u> and <u>Lafler</u>, which he explained "are clarification of extant law and, pursuant to the United States Supreme Court decision in <u>Fiore v. White</u>, 121 S.Ct. 712 (2001), must be applied to final cases, and therein, to

the instant case."   Ex. X at 1-5.   As also indicated above, the state post-conviction trial court found "[t]his argument is meritless and the claim is time-barred."   Ex. Y.   In his motion for rehearing, Reddick argued the trial court "apparently overlooked" the <u>Fiore</u> decision.   Ex. Z.   The court denied rehearing.   *Id.*   The state court's ruling, affirmed on appeal without opinion, is entitled to deference and review is limited to the record before the state court.   *See* <u>Cullen</u>, 131 S.Ct. at 1388.

In the case cited by the state trial court, <u>Simmons v. State</u>, the First DCA explained:

> This is an appeal from the denial, as untimely, of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant, the movant below, argues that *Lafler v.Cooper*, --U.S. --, 132 S.Ct. 1376, 1391 . . . (2012) (holding that Lafler suffered prejudice when, after following counsel's advice to reject a plea offer and proceed to trial, he received a harsher sentence than he had been offered in exchange for a plea), and *Missouri v. Frye*, -- U.S. --, 132 S.Ct. 1399, 1408 . . . (2012) (holding that counsel has a duty to communicate to the defendant all formal plea offers from the prosecution), establish new, fundamental constitutional rights of the kind contemplated by Rule 3.850(b)(2) and apply retroactively to his case.
>
> . . . .
>
> Both *Lafler* and *Frye* apply *Strickland v. Washington*, 466 U.S. 668 . . . (1984), which sets out the requirements for proving a claim of ineffective assistance of counsel.   Both *Lafler* and *Frye* recognize that a defendant is entitled to effective assistance of counsel, not only at trial, but also in

determining whether to plead or to go to trial.   But prior cases were already clear on this point.   *See Hill v. Lockhart*, 474 U.S. 52, 59 . . . (1985).   Florida recognized the right to effective assistance of counsel before trial in cases such as *Cottle v. State*, 733 So. 2d 963 (Fla. 1999), and *Morgan v. State*, 991 So. 2d 835, 840 (Fla. 2008) (reiterating that the *Cottle* decision was grounded on Strickland).   Neither *Lafler* nor *Frye* amounts to any sort of "jurisprudential upheaval" in Florida.

> We agree with the learned trial judge that *Lafler* and *Frye* are but a refinement of decisions already handed down, a clearer articulation of existing law that does not establish new constitutional rights:   Both *Lafler* and *Frye* are properly viewed as "evolutionary refinements" to well-established rules governing ineffective assistance of counsel claims in the context of convictions predicated on pleas. . . . Accordingly, we affirm the trial court's order denying the appellant's motion as untimely filed.

Simmons v. State, 104 So. 3d 1185, 1186-87 (Fla. 1st DCA 2012).

Similarly, the Eleventh Circuit has held that Frye and Lafler did not

announce a new rule of constitutional law.   *See* In re Perez, 682 F.3d 930

(11th Cir. 2012).

Reddick has not shown that the state court's adjudication of this

ground involved an unreasonable application of clearly established federal

law or that it based on an unreasonable determination of the facts.   *See* 28

U.S.C. § 2254(d)(1)-(2).   Indeed, to the extent this ground is based in state

law only, federal habeas relief cannot be granted.   Accordingly, this ground

should be denied.

## **Ground 3:   IAC – Post-Conviction Counsel**

In his third ground, Petitioner Reddick argues his post-conviction

counsel provided ineffective assistance by not arguing that trial counsel

was ineffective in misadvising Reddick during plea negotiations.   ECF No.

5 at 8.   Reddick acknowledges he did not raise this claim in state court

and, thus, has not exhausted it.   *Id.*

As Respondent indicates, there is no federal constitutional right to an

attorney in state post-conviction proceedings.   ECF No. 30 at 37.   *See* 28

U.S.C. § 2254(a); Pennsylvania v. Finley, 481 U.S. 551 (1987); Barbour v.

Haley, 471 F.3d 1222, 1227-29 (11th Cir. 2006).   "Consequently, a

petitioner cannot claim constitutionally ineffective assistance of counsel in

such proceedings."   Coleman v. Thompson, 501 U.S. 722, 752 (1991).

Further, as the Eleventh Circuit has explained, the Martinez decision did

not "create a freestanding claim for challenging a conviction or sentence

based on the alleged ineffective assistance of state post-conviction

counsel."   Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262 (11th

Cir. 2014).   "Longstanding U.S. Supreme Court precedent holds that a

habeas petitioner cannot assert a viable, freestanding claim for the denial

of the effective assistance of state collateral counsel in post-conviction

proceedings." *Id.* at 1263.   Accordingly, this ground should be denied.

## Conclusion

Based on the foregoing, Petitioner Reginald Reddick is not entitled to federal habeas relief.   The amended § 2254 petition (ECF No. 5) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the

final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the amended § 2254 petition (ECF No. 5).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.   The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on April 26, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**